### SAMUEL BURRELL v. STATE OF MISSISSIPPI.

#### [50 South. 694.]

CRIMINAL LAW AND PROCEDURE. *Murder. Entry on trial in violation of agreement.*

Where in a murder case, in the presence of and without objection by the court, counsel for the state agreed with defendant's leading counsel, in consideration of the withdrawal of defendant's motion for a special venire, that the case should not be forced to trial until the afternoon of a future day of the term, it was reversible error for the court to force defendant to enter upon a trial in the forenoon of the designated day, in the absence of his leading counsel, although the trial proceeded no further in the forenoon than the empanneling of a jury so far as the state was concerned and the exercise by defendant of challenges for cause.

FROM the circuit court of Prentiss county.

HON. EUGENE O. SYKES, Judge.

Burrell, appellant, was indicted and tried for and convicted of the murder of one Joseph Judd, and appealed to the supreme court. The facts upon which the decision was made are stated in the opinion of the court.

*Sharp & McIntyre,* for appellant.

*George Butler,* assistant attorney-general, for appellee.

Whitfield, C. J., delivered the opinion of the court.

This case is a very peculiar one in some of its aspects. The appellant is a negro, who was about fifteen years of age when he killed the deceased, another negro, who was then about seventeen years of age. There are a number of irregularities in the case, which are made grounds for assignment of error; but we will notice at this time but one.

The record shows, in the testimony of Judge Cox, that an agreement was entered into between the counsel for the state and the counsel for the defense, Mr. Sharpe, who is called the leading counsel for the defense, being present and himself making the agreement, that the defendant "would waive a special venire, with the understanding that they would get ready for trial, if they could, by Thursday morning, but that they were not to be pressed into trial before Thursday afternoon," and that this announcement was made without objection in the hearing of the court. Mr. Sharpe went off on some other business, leaving Mr. McIntyre, his partner, as it seems, in charge of the case. On Thursday morning the defendant was forced to trial, and the entire jury was passed upon and impaneled, so far as the state was concerned, and so far as the exercise of any challenge to jurors for cause was concerned by defendant; all this being done in the forenoon of Thursday, and in the absence of Mr. Sharpe.

There were some very nice questions in the case as to whether or not the juror Hargett, challenged for cause, should not have been excused for cause. The learned assistant attorney-general admits that, perhaps, it would have been better to have done so. But, passing by this assignment as to this juror, it is enough to say that in the record there is sufficient showing that he was prejudiced in his trial, by reason of having been forced into trial, in the absence of Mr. Sharpe, in the forenoon of Thursday, in contravention of the agreement set out. Hav-

ing made this arrangement with Mr. Sharpe as the basis for the withdrawal of a motion for a special venire, and the trial having been proceeded with without a special venire, the agreement should have been carried out, and the trial not have been proceeded with until Thursday afternoon, especially where the issue was so grave as the one here, involving a death sentence.

For this error, the judgment is reversed, and the cause remanded.                                    *Reversed.*